IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3416-FL

| | | |
|---|---|---|
| ANTHONY L. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FNU COOPER, FNU GARDNER, FNU WILSON, FNU VARGAS, FNU BRUNO, FNU CORBETT, OFFICER CARTER, FNU JOHANSON, OFFICER BEATY, FNU WILSON, FNU HARRIS, MONICA BONDS, DANNY McDANIEL, FNU BRYANT, SERGEANT GILLIS, FNU SMITH, FNU COLLINS, FNU GREENWOOD, FNU GUISE, FNU GILLS, FNU GRAHAM, FNU DZIKI, FNU DAYE, FNU DURHAM, FNU RUDDER, FNU JACKSON, FNU WORTHY, FNU GATHERS, FNU WALKINS, FNU MAYFIELD, FNU SOLOMON, FNU APPLEWHITE, FNU WALKER, FNU SANDERS, BILLY COOPER, CAPTAIN FRINK, FNU TOMHSON, FNU JOHNSON, and FNU POWELL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on November 16, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. On August 11, 2023, the court directed plaintiff to file amended complaint that complies with the Federal Rule of Civil Procedure 20 and that particularizes his claims. Plaintiff timely complied with the order, and the matter now comes before the court for initial review of the amended

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court is plaintiff's motion to amend the complaint.

**COURT'S DISCUSSION**

The court begins with plaintiff's motion to amend, which seeks leave to file his proposed amended complaint. The motion is unnecessary where the court ordered plaintiff to file the amended complaint. Accordingly, the court will terminate motion to amend as moot.

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,

94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). A § 1983 plaintiff also must allege the defendants were personally involved in the alleged deprivation of his constitutional rights. See Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Here, plaintiff's primary claim is that defendants violated his constitutional rights by destroying his personal property. Notably, plaintiff alleges destruction of his property due to random and unauthorized acts by state employees. See Bogart v. Chapell, 396 F.3d 548, 559 (4th Cir. 2005). He does not allege that defendants were acting pursuant to an established state procedure allowing them to dispose of inmate property or that they were required to provide pre-deprivation procedural safeguards, as required to state a due process violation. See id. at 559–63. Nor does plaintiff allege inadequate post-deprivation remedies. See id.; see also Zinermon v. Burch, 494 U.S. 113, 125 (1990).

In this context, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). North Carolina law provides plaintiff with an adequate post-deprivation remedy. See Wilkins v. Whitaker, 714 F.2d 4, 7 (4th Cir. 1983)

3

(discussing procedures available under North Carolina law). And where such process is available for plaintiff's claim, he also cannot establish a violation of his substantive due process rights. See Front Royal & Warren Cnty. Indus. Park Corp. v. Town of Front Royal, Va., 135 F.3d 275, 287–88 (4th Cir. 1998); Love v. Pepersack, 47 F.3d 120, 123 (4th Cir. 1995) (holding substantive due process violation occurs "only where the state courts can do nothing to rectify the injury that the state has already arbitrarily inflicted").

Plaintiff also asserts that the destruction of his property interfered with his access to the courts where defendants destroyed his legal materials. State inmates must be allowed "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, they do not have an "abstract, freestanding [constitutional] right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). In order to establish a claim for denial of access to the courts, a plaintiff must allege that he suffered "actual injury." See id. at 351–52; Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006). The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353. The complaint must describe both the underlying cause of action and its lost remedy. Christopher v. Harbury, 536 U.S. 403, 414–16 (2002). Plaintiff has not alleged any of the foregoing elements necessary to establish a claim for denial of access to the courts.

Plaintiff also claims that defendants violated his rights to exercise his religion. In order to state a free exercise claim under the First Amendment or the Religious Land Use and Institutionalized Persons Act, plaintiff must allege, inter alia, that he "holds a sincere religious belief" and "that his religious practice has been substantially burdened by the prison policy or

4

Case 5:22-ct-03416-FL-RJ    Document 15    Filed 11/02/23    Page 4 of 5

practice." See Firewalker-Fields v. Lee, 58 F.4th 104, 114–15 (4th Cir. 2023); Lovelace v. Lee, 472 F.3d 174, 187–88 (4th Cir. 2006). Plaintiff does not even attempt to allege these elements.

Accordingly, plaintiff's substantive claims are without merit. In addition, any official capacity claims brought pursuant to § 1983 are barred by the Eleventh Amendment. See Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997). Finally, the court will dismiss this action with prejudice where plaintiff has been afforded opportunity to file amended complaint particularizing his claims. See Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018) (explaining nature of dismissal is a matter of discretion for the district court).

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to terminate plaintiff's motion to amend (DE 14) as moot, and to close this case.

SO ORDERED, this the 2nd day of November, 2023.

LOUISE W. FLANAGAN
United States District Judge